# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| CHRISTOPHER GIBSON, individually and on behalf of other similarly situated persons, | ) ) ) CASE No. 4:18-cv-219-HLM |
| Plaintiff, | ) ) CLASS ACTION CLAIMS |
| v. | ) ) JURY TRIAL DEMANDED |
| CHATTANOOGA PIZZA LLC, | ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Christopher Gibson, individually and on behalf of all others similarly situated, for his Petition against Defendant Chattanooga Pizza LLC, hereby states and alleges as follows:

1. Defendant has operated approximately five Domino's Pizza franchise stores in northern Georgia and at least one Domino's franchise store in Tennessee during times relevant.

2. Defendant employs delivery drivers who use their own automobiles to deliver pizzas and other food items to Defendant's customers. Instead of reimbursing its delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendant uses a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their net wages to fall below the federal minimum wage during some or all workweeks.

3. Plaintiff Christopher Gibson brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* to recover unpaid minimum wages owed to himself and all similarly situated delivery drivers employed by Defendant at its Domino's Pizza stores.

1

**Jurisdiction and Venue**

4. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) which provides for concurrent jurisdiction in federal and state courts and on 28 U.S.C. § 1331 (federal question).

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 as Defendant maintains operates places of business in this district, employed Plaintiff in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

**Parties**

6. Defendant Chattanooga Pizza LLC is a Tennessee limited liability company which has operated a chain of Domino's Pizza franchise stores, including stores located within this District, during times relevant.

7. Plaintiff Christopher Gibson was employed by Defendant from about April 2017 to about May 2018 as a delivery driver at its Domino's Pizza store in Dalton, GA. Plaintiff Gibson's Consent to Become a Party Plaintiff under 29 U.S.C. § 216(b) is attached hereto as "Exhibit 1."

**General Allegations**

*Defendant's Business*

8. During the recovery period, Defendant has owned and operated approximately five Domino's Pizza franchise stores in Georgia and at least one Domino's franchise store in Tennessee.

9. Each of Defendant's stores employs delivery drivers (hereinafter collectively "Delivery Drivers.").

10. Defendant's Delivery Drivers have the same primary job duty of delivering pizzas and other food items to Defendant's customers using their personal automobiles.

*Defendant's Flawed Reimbursement Policy*

11. Defendant requires its Delivery Drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

12. Defendant's Delivery Drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizzas for the primary benefit of Defendant.

13. Defendant's Delivery Driver reimbursement policy reimburses Delivery Drivers on a per-delivery basis which results in a per-mile reimbursement far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendant's Delivery Drivers.

14. The result of Defendant's Delivery Driver reimbursement policy is a reimbursement of much less than a reasonable approximation of its Delivery Drivers' automobile expenses.

15. During the applicable FLSA limitations period, the IRS business mileage reimbursement rate has ranged between $.535 and $.575 per mile. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

16. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with delivery driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendant's Delivery Drivers further experience lower gas mileage and higher repair costs than the average

driver due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

17. Defendant's reimbursement policy does not reimburse the Delivery Drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicles, and thus Defendant uniformly fails to reimburse its Delivery Drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendant's benefit.

18. Defendant's systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendant such that the hourly wages it pays to Plaintiff and Defendant's other Delivery Drivers are not paid free and clear of all outstanding obligations to Defendant.

19. Defendant fails to reasonably approximate the amount of its Delivery Drivers' automobile expenses to such an extent that its Delivery Drivers' net wages are diminished beneath the federal minimum wage.

20. In sum, Defendant's reimbursement policy and methodology fail to reflect the realities of Delivery Drivers' automobile expenses.

***Defendant's Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations***

21. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendant's reimbursement formula has resulted in an unreasonable underestimation of Delivery Drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

22. During the recovery period, Defendant paid Plaintiff Gibson the exact federal minimum wage, including a tip credit.

23. The federal minimum wage has been $7.25 per hour since July 24, 2009.

24. During the recovery period, the per-delivery reimbursement rate at the store where Plaintiff worked has been approximately $1.30 per delivery.

25. During his employment with Defendant, Plaintiff experienced an average delivery distance of at least 6 miles per delivery.

26. Thus, during the applicable limitations period, Defendant's average effective reimbursement rate for Plaintiff Gibson was approximately $.22 per mile ($1.30 per delivery/6 average miles per delivery).

27. During the FLSA recovery period, the lowest IRS business mileage reimbursement rate has been $.535 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. Using that IRS rate as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreases his net wages by approximately $.315 ($.535 - $.22) per mile. Considering Plaintiff's estimate of 6 average miles per delivery, Defendant under-reimbursed him about $1.89 per delivery ($.315 x 6 miles).

28. During his employment by Defendant as a Delivery Driver, Plaintiff typically averaged approximately 2 deliveries per hour.

29. Thus, Plaintiff consistently "kicked back" to Defendant approximately $3.78 per hour ($1.89 per delivery x 2 deliveries per hour), for an effective hourly wage rate of about $3.47 per hour ($7.25 - $3.78 per hour).

30. All of Defendant's Delivery Drivers had similar experiences to those of Plaintiff Gibson. They were subject to the same reimbursement policy; received similar reimbursements;

incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the applicable federal minimum wage before deducting unreimbursed business expenses.

31.     Because Defendant paid its Delivery Drivers a gross hourly wage exactly equal to, or at least very close to, the federal minimum wage, and because the Delivery Drivers incurred unreimbursed automobile expenses, the Delivery Drivers "kicked back" to Defendant an amount sufficient to cause minimum wage violations.

32.     While the amount of Defendant's actual reimbursements per mile may vary over time, Defendant is relying on the same flawed policy and methodology with respect to all Delivery Drivers at all of its other Domino's Pizza stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

33.     The net effect of these policies is that Defendant willfully fails to pay the federal minimum wage to its Delivery Drivers. Defendant thereby enjoys ill-gained profits at the expense of its employees.

**Collective Action Allegations**

34.     Plaintiff brings this FLSA claim as an "opt-in" collective action claim on behalf of similarly situated Delivery Drivers pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

35.     The FLSA claim may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

36.     Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from

Defendant's records, and potential plaintiffs may be notified of the pendency of this action via mail.

37. Plaintiff and all of Defendant's Delivery Drivers are similarly situated in that:

a. They have worked as Delivery Drivers for Defendant delivering pizza and other food items to Defendant's customers;

b. They have delivered pizza and food items using automobiles not owned or maintained by Defendant;

c. Defendant required them to maintain these automobiles in a safe, legally-operable, and insured condition;

d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendant;

e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f. They were subject to the same pay policies and practices of Defendant;

g. They were subject to the same Delivery Driver reimbursement policy that underestimates automobile expenses, and thereby systematically deprived them of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h. They were reimbursed similar set amounts of automobile expenses per delivery; and

i. They were paid near the federal and state minimum wage before deducting unreimbursed business expenses.

**COUNT I: Violation of the FLSA**

38. Plaintiff reasserts and re-alleges the allegations set forth above.

39. At all relevant times herein, Plaintiff and all other similarly situated Delivery Drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

40. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations, but none of the FLSA exemptions apply to Plaintiff or other similarly situated Delivery Drivers.

41. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

42. Defendant is subject to the FLSA's minimum wage requirements because it is an enterprise engaged in interstate commerce, and its employees are engaged in commerce.

43. Under Section 6(a) of the FLSA, 29 U.S.C. § 206(a), employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009. *Id*.

44. As alleged herein, Defendant has reimbursed Delivery Drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

45. Defendant knew or should have known that its pay and reimbursement policies, practices and methodology result in failure to compensate Delivery Drivers at the federal minimum wage.

46. Defendant, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

47. Plaintiff and all similarly situated Delivery Drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all Delivery Driver employees in Defendant's stores.

48. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

49. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant acted in good faith and with reasonable grounds to believe its actions were lawful, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

50. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated Delivery Drivers demand judgment against Defendant and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

**Demand for Jury Trial**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated: October 3, 2018                                     Respectfully submitted,

**WEINER & SAND LLC**
*s/ Andrew Weiner*
Andrew Weiner
Georgia Bar No. 808278
aw@atlantaemployeelawyer.com
3525 Piedmont Road
7 Piedmont Center | 3rd Floor
Atlanta, Georgia 30305
(404) 254-0842 (Tel.)
(866) 800-1482 (Fax)

**WEINHAUS & POTASHNICK**
Mark A. Potashnick (MO Bar # 41315)
(*pro hac vice* forthcoming)
11500 Olive Blvd., Suite 133
St. Louis, Missouri  63141
Telephone:     (314) 997-9150
Facsimile:     (314) 997-9170
markp@wp-attorneys.com

**LIBERMAN, GOLDSTEIN & KARSH**
Eli Karsh (MO Bar #43061)
(*pro hac vice* forthcoming)
230 S. Bemiston Ave., Suite 1200
St. Louis, Missouri  63105
Telephone:     (314) 862-3333, ext. 13
Facsimile:     (314) 862-0605
elikarsh@aol.com

**ATTORNEYS FOR PLAINTIFF**